**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LAMARK TONGUE, ET UX.          *
                               *
                               *
          v.                   *          Civil No. – JFM-11-2513
                               *
FIRST HORIZON HOME LOANS       *
                               ******

**MEMORANDUM**

     Plaintiff originally instituted this action for a declaratory judgment and to quiet title in the Circuit Court for Charles County, Maryland.  Defendant removed the action to this court.  This court dismissed the original complaint.  Plaintiffs have now filed an amended complaint.  Plaintiffs, who are appearing *pro se*, have responded to the motion.  The motion will be granted.

     Plaintiffs apparently take the position that the note they issued to defendant, in exchange for a $386,000 loan, is unenforceable because defendant transferred the note to Freddie Mac. Although defendant continues to hold a deed of trust, plaintiffs allege that the deed of trust is "invalid and unenforceable" in light of the fact that the note was transferred to Freddie Mac. Plaintiffs' contention is not valid under Maryland law which provides that a note may be freely transferred and, "when transferred, carries with it the security, if any, of the dead of trust." *Le Brun v. Prosise*, 197 Md. 466, 474 (1951).  In any event, plaintiffs' make no allegation that defendant is taking any action to enforce the note or the deed of trust.  If and when defendant takes any such action, plaintiffs may assert in defending against the action any cognizable claim they may have.

A separate order granting defendant's motion to dismiss is being entered herewith.


Date:   April 27, 2012          ____/s/_____
                                J. Frederick Motz
                                United States District Judge